Zimmerman, J.
On its appeal to this court appellant asserts two errors:
1. The Board of Tax Appeals erred in holding that the advertising material in issue was not resold and hence its purchase was not excepted from the Ohio sales and use taxes, by virtue of Sections 5739.01 and 5741.01, Revised Code.
2. The Board of Tax Appeals erred in holding that the advertising material in issue was not used directly in making retail sales and hence its purchase was not excepted from the Ohio sales and use taxes by virtue of Sections 5739.01 and 5741.01, Revised Code.
It is apparent from the evidence submitted to the Board of Tax Appeals that all appellant’s advertising costs are included in the price for which it sells its products; that no separate billings or charges therefor are made to those who purchase its products for sale; that the price of appellant’s products is the same to purchasers whether or not they are furnished and use the advertising material; and that appellant carries on its own books as separate items its costs of advertising.
The pertinent provisions of Section 5739.01, Revised Code (126 Ohio Laws, 157), a part of the Sales Tax Act, recited:
“As used in Sections 5739.01 to 5739.31, inclusive, of the Revised Code:
< ( * # *
“(B) ‘Sale’ and ‘selling’ include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible per *425 sonal property is granted, for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever
“(C) ‘Vendor’ means the person by whom the transfer effected or license given by a sale is or is to be made or given * * *.
“(D) ‘Consumer’ means the person to whom the transfer effected or license given by a sale is or is to be made or given * * #
“ (E) ‘Retail sale’ and ‘sales at retail’ include all sales except those in which the purpose of the consumer is:
“(1) To resell the thing transferred in the form in which the same is, or is to be, received by him;
“(2) * # * to use or consume the thing transferred * * # directly in making retail sales * *
Section 5741.01, Revised Code (126 Ohio Laws, 159), governing the instant case and- relating to the use tax, read in part :
“As used in Sections 5741.01 to 5741.22, inclusive, of the Revised Code:
< Í * * *
■ “(C) ‘Use’ means and includes the exercise of any right or power incidental to the ownership of the thing used, except as provided in this division of this section.
“When the purpose of the consumer is any of the following: (1) To resell the thing purchased in the form in which the same has been received by him; (2) # * * to use or consume the thing transferred * * * directly in making retail sales * * *.
“(D) ‘Purchase’ means acquired for a consideration, Avhether such acquisition was effected by a transfer of title, or of possession, or of both, or a license to use or consume; whether such transfer was absolute or conditional, and by whatever means the same was effected; and whether the consideration Avas a price, rental in money, or exchange. * * *
“(E) ‘Seller’ means the person from Avhom a purchase is made, and includes every person engaged in this state or elsewhere in the business of selling tangible personal property for storage, use, or other consumption in this state # * *.
“(F) ‘Consumer’ means any person who has purchased tangible personal property for storage, use, or other consumption in this state.”
*426 Under the definition of “sale” and “selling,” as contained in the quoted sections, it is contended by appellant that it sold the advertising material here involved. On the other hand, appellee insists that there was no intention on the part of appellant to sell the advertising material to those who handled its products, but merely an intention to transfer such material gratuitously to them as a helpful service to assist them in disposing of appellant’s products; and that appellant did not for a consideration transfer such items so as to bring the operation within the meaning of the terms, “sale” and “selling,” as used in the statutes, notwithstanding there was a transfer of both title and possession.
There is force in appellee’s position. As has been noted, there is no separate billing for the advertising material to the retailer who makes use of it, and the charge of appellant for its products is the same whether or not the advertising material is furnished and displayed. The mere fact that the cost of the advertising material is included in the price of the products does not constitute a sale of such material within the intendment of the applicable statutes, and the mere use of such material by the retailers on their store premises does not supply the kind of consideration comprehended by the applicable statutes.
We are, therefore, in agreement with the appellee that there was no “sale” or “selling” of the advertising material by appellant, involving the element of consideration.
The next question for determination is, Did appellant purchase the advertising material for use directly in making retail sales ? In maintaining the affirmative of this proposition, appellant relies principally on the cases of Apex Powder Corp. v. Peck, Tax Commr., 162 Ohio St., 189, 122 N. E. (2d), 693; Zinc Engravers v. Bowers, Tax Commr., 168 Ohio St., 43, 151 N. E. (2d), 226; and State, ex rel. Paul Stutter, Inc., v. Yacobucci, Clerk, 169 Ohio St., 20, 157 N. E. (2d), 357.
The Apex Powder and Paul Stutter cases involved activities excepted from the sales and use taxes, namely, mining and the rendition of a public utility service, respectively, and it was adjudged in those cases, under the particular facts developed, that the ones found to be “ consumers ’ ’ had the purpose of using and consuming the equipment there in issue directly in pursuits excepted from the sales and use taxes.
*427 In the Zinc Engravers case it was determined that the mats, engravings and etchings purchased by the A. Polsky Company, a retail merchant, and delivered to newspaper publishers to advertise the merchandise sold by Polsky were used by Polsky “directly in making retail sales.”
In the instant case appellant makes no retail sales. Those making such sales are the ones to whom the advertising material is delivered, and, consequently, they are the ones who employ such material “directly in making retail sales.” Appellant is too far removed from such activity to claim exception on that basis. In other words, although it may be true that the advertising material is used directly in making retail sales, it is not being so used by appellant, the consumer here.
We find the decision of the Board of Tax Appeals neither unreasonable nor unlawful, and it is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Taet, Matthias, Bell, Herbert and Peck, JJ., concur.